## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD FIGLIOLI,

        Plaintiff,

    vs.                        Civil Action Number:   1:17-CV-171 (Keeley)

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON and GROUP LIFE INSURANCE
AND DISABILITY PLAN OF UNITED
TECHNOLOGIES CORPORATION,
,

        Defendants.

| ELECTRONICALLY FILED |
| --- |
| **Oct 10 2017** |
| U.S. DISTRICT COURT |
| Northern District of WV |

## COMPLAINT

AND NOW, comes the Plaintiff, Richard Figlioli, by and through his undersigned counsel and files the within Complaint, to obtain declaratory relief, and recover long-term disability benefits and other employee benefit contributions under an ERISA employee benefit plan, and to recover costs, prejudgment interest and attorney's fees.

## JURISDICTION AND VENUE

1.    This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2.    Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the

breaches of duty herein alleged occurred in this district, and plaintiff resides in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

## PARTIES

3.     Plaintiff, Richard Figlioli, is an adult individual who resides in Weirton, WV 26062 (Hancock County).

4.     Defendant, Liberty Life Assurance Company of Boston, is the underwriting insurance company of the Plan and is located at 175 Berkeley Street, Boston, MA 02117.

5.     Defendant, Group Life Insurance and Disability Plan of United Technologies Corporation, is a benefit plan as defined by ERISA doing business with its principal place of business located at UTC Building, One Financial Plaza, Hartford, CT 06101.

## SUMMARY OF ACTION

6.     Mr. Figlioli worked for Pratt &Whitney since 1988, most recently as Materials Supervisor in Bridgeport, West Virginia.

7.     On or about September 17, 2009, Mr. Figlioli was unable to continue working in his own occupation due to symptoms of pain and numbness following multiple surgeries and nerve damage as a result of falling from a tree.

8.     Dr. Shetty, plaintiff's internal medicine physician for the past eight years, issued medical restrictions that Mr. Figlioli was unable to work on a consistent basis with the inability to sit for more than one hour due to a severe disorder of the spine including arachnoiditis, spinal stenosis and degenerative disc disease as a result of vertebral fractures resulting in the compromise of the nerve root.

9.     Despite these opinions and medical restrictions, defendants denied Mr. Figlioli's long-term disability benefits after having approved and paid them for eight years. In a letter

2

dated March 7, 2017 and, following an appeal, Liberty Mutual issued a final denial letter dated September 5, 2017.

10.     Liberty Life previously approved Mr. Figlioli's application for long-term disability under the same "any occupation" definition of disability through March 6, 2017.

11.     Under the long-term disability policy, an eligible employee will be considered disabled if he or she is unable to perform, with reasonable continuity, the material and substantial duties of any occupation.

12.     Reasonable continuity is not defined in the policy, but plaintiff's vocational expert concurred with the Social Security Administration's finding that Mr. Figlioli is totally and permanently disabled.

13.     In terminating long-term disability benefits, Liberty Mutual relied upon the non-examining paper-review from Dr. McPhee despite the policy providing explicit authority to have "the right and opportunity to have a Covered Person, whose Injury or Sickness is a basis of the claim, examined or evaluated at reasonable intervals deemed necessary by Liberty".

14.     As a result of Defendants' denial of long-term disability benefits, Mr. Figlioli has not received the monthly benefits and other contributions under the plan to which he is entitled since March 6, 2017 to the present.

**COUNT ONE: (CLAIM FOR BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B))**

15.     The averments set forth in the above paragraphs are incorporated by reference.

16.     The Plan provides the Plaintiff is entitled to replacement disability income ("Disability Benefits") and other benefits based upon his becoming disabled within the meaning of the Plan.

17.     Plaintiff has established his disability within the meaning of the Plan and is entitled to Disability Benefits because he is limited from performing the material and substantial duties of any occupation with reasonable continuity due to his sickness or injury.

18.     Plaintiff is entitled to payment of the Disability Benefits under the Plan because his medical conditions and symptoms prevent him from performing the material and substantial duties of any occupation.

19.     Defendants' denial of any occupation long-term disability benefits and other contributions under the plan constitutes denial of benefits governed by ERISA.

20.     Plaintiff has exhausted all administrative levels of appeal by the issuance of the final denial letter dated September 5, 2017.

21.     Liberty Mutual's decision is infected with conflict of interest in that it both made the decision regarding eligibility of long-term disability benefits and is responsible under the insurance policy for paying the benefits.

22.     Liberty Mutual's claim processing and decision failed to consider Mr. Figlioli's pain as a debilitating factor and its impact upon the residual functional capacity for working in any occupation with "reasonable continuity".

**COUNT TWO**
**DUTY TO PROVIDE DOCUMENTS UNDER 29 U.S.C. 1332(a)(1)(A) and (c)(1))**

23.     Paragraphs 1-22 are re-alleged and incorporated by reference as if fully set forth herein.

24.     On or about September 21, 2017, 2017, plaintiff requested copies of plan documents, summary plan description, complete claims file and medical evidence used to deny the claim, and communications whether by memo, letter or email.

4

25.     Plaintiff received a copy of the policies and what is referred to as the "claim file". However, plaintiff did not receive certain documents including claim manuals, written protocols, or rules.

26.     ERISA requires administrator's to produce information under two different statutory provisions: 29 U.S.C. § 1024 and 29 U.S.C. § 1029.

27.     Pursuant to 29 U.S.C. § 1024:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, **or other instruments under which the plan is established or operated.**

29 U.S.C. § 1024(b)(4) (Emphasis added)

28.     Pursuant to 29 U.S.C. § 1029:

> (c)     Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries

> The Secretary may prescribe the format and content of the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and any other report, statements or documents (other than the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated), which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan.

29 U.S.C. § 1209(c).

29.     ERISA's document penalty provisions apply when an administrator fails to provide the plan documents specifically discussed in 29 U.S.C. § 1024(b)(4) and when an administrator withholds other reports, statements or documents that "are required to be furnished or made available to plan participants."  29 U.S.C. § 1209(c).

30.     Under 29 U.S.C. § 1132(c) and 29 U.S.C. § 1209(c), the Secretary of Labor is given authority to establish the format and content of what documents are required to be

5

produced.  Therefore, "Any administrator…who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish…may in the court's discretion be personally liable" for a penalty pursuant to 29 U.S.C. § 1132(c).

31.     Additionally, the Secretary has general authority under "this subchapter" to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this title." 29 U.S.C. § 1135.   The Secretary has promulgated 29 C.F.R. § 2560.503-l(h) which requires that a claimant receive a full and fair review of an adverse benefit decision.  Part of a full and fair review requires that a claimant

> shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section

29 C.F.R. § 2560.503-l(h)(2)(iii).

32.     At paragraph (m)(8) the Secretary explains what documents are relevant to the claim and are to be produced under ERISA:

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> (i)     Was relied upon in making the benefit determination;
>
> (ii)     Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii)     Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
> (iv)     In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

6

29 C.F.R. § 2560.503-l(m)(8)(i-iv).

33.     Based on this conduct, defendant is in violation of ERISA § 502(a)(1)(A) and (c)(1) by failing to supply information and comply with notice requests.

34.     Defendants failed to comply with plaintiff's request by not providing any documents including "relevant documents" as defined under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated". Furthermore, these documents require disclosure of documents that demonstrate defendants' compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants. Defendants failed to provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Richard Figlioli, respectfully prays that the Court: (1) declare that the Defendants are obligated to pay Plaintiff his past due disability benefits; (2) declare that the Defendants be assessed and ordered to pay $110 per day for the failure and/or refusal to provide requested Plan documents, schedules and policies pursuant to 29 U.S.C. §1132(c)(1); (3) issue an inunction and declaratory relief that defendants produce all relevant documents under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated" in compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants, provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits; and (4) award retroactive long-term disability benefits and reinstate future benefits; (5) award Plaintiff the costs of this action, interest, and reasonable attorneys' fees; and (6) award such other further and different relief as may be just and proper.

Respectfully submitted,

MORGAN & PAUL, PLLC

_____/Gregory G. Paul_____
GREGORY G. PAUL
WV ID No.: 8129
First and Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA  15222
(412) 259-8375
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com

Attorney for Plaintiff

Dated:  October 10, 2017.