IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


RICHARD FIGLIOLI,

            Plaintiff,

v.                          //   CIVIL ACTION NO. 1:17CV171
                                 (Judge Keeley)

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON and GROUP LIFE INSURANCE
AND DISABILITY PLAN OF UNITED
TECHNOLOGIES CORPORATION,

            Defendants.


### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
### MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [DKT. NO. 18]

     For the reasons that follow, the Court **GRANTS** the defendants'
Motion for Partial Judgment on the Pleadings (Dkt. No. 18).

### I. BACKGROUND

     On October 10, 2017, the plaintiff, Richard Figlioli
("Figlioli"), sued the defendants, Liberty Life Assurance Company
of Boston ("Liberty Life") and Group Life Insurance and Disability
Plan of United Technologies Corporation ("the Plan") (Dkt. No. 1),
alleging that, while working at Pratt & Whitney as a Materials
Supervisor in Bridgeport, West Virginia, he became unable to work
on September 17, 2007, due to injuries sustained when he fell from
a tree. Figlioli's internist issued medical restrictions outlining
that he was "unable to work on a consistent basis . . . due to a
severe disorder of the spine, including arachnoiditis, spinal

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [DKT. NO. 18]**

stenosis and degenerative disk disease as a result of vertebral fractures resulting in the compromise of the nerve root." Id. at 2.

The defendants paid long-term disability benefits for Figlioli for approximately eight years, finding he was "unable to perform, with reasonable continuity, the material and substantial duties of any occupation." However, in reliance on a "non-examining paper-review," Liberty Life denied Figlioli further benefits as of March 7, 2017. Following an appeal, Liberty Life issued a final denial letter on September 5, 2017. Figlioli has not received monthly benefits since March 6, 2017. Id. at 1-2.

Following the final denial of benefits, Figlioli requested "a complete copy of the applicable plan(s), summary plan descriptions, policies and claims file, including but not limited to the documents" further described in his letter (Dkt. No. 19-3 at 2). He specifically requested that the defendants provide those documents contemplated by 29 U.S.C. §§ 1024, 1029, and 1132, as well as 29 C.F.R. § 2560.503. Id. In response, Liberty Life provided a copy of the claim files and the applicable policies, but advised that other documents must be sought from the plan administrator (Dkt. No. 19-4 at 2).

Figlioli claims he is entitled to disability benefits under the Plan, and that the defendants failed to comply with their

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [DKT. NO. 18]**

statutory and regulatory duties to provide an adequate response to his document request. <u>Id.</u> at 3-7. Consequently, Count One makes a claim for benefits under the Plan, while Count Two makes a claim related to the defendants' alleged duty to provide documents under 29 U.S.C. §§ 1132(a)(1)(A) and (c)(1). <u>Id.</u> Figlioli seeks 1) a declaration that the defendants must pay his past due benefits, 2) the assessment of a $110 per day penalty for failing to provide Plan documents, 3) an order requiring the defendants to provide all relevant documents, 4) an award of retroactive long-term disability benefits and the reinstatement of future benefits, and 5) attorneys' fees and costs. <u>Id.</u> at 7.

On January 19, 2018, the defendants moved for judgment on Count Two (Dkt. No. 18), arguing that they cannot be held liable for statutory penalties under 29 U.S.C. § 1132(c) because neither is the "Plan Administrator," and that statutory penalties are unavailable with regard to document production mandated by regulation (Dkt. No. 19). Figlioli has withdrawn his request for statutory penalties, but continues to seek discovery of the documents at issue (Dkt. No. 21).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [DKT. NO. 18]**

for judgment on the pleadings." "The standard of review for Rule 12(c) motions is the same standard applied to Rule 12(b)(6) motions to dismiss." <u>Carter v. Nat'l City Mortg., Inc.</u>, No. 1:14CV70, 2015 WL 966260, at *3 (N.D.W.Va. Mar. 4, 2015) (citing <u>Independence News, Inc. v. City of Charlotte</u>, 568 F.3d 148, 154 (4th Cir. 2009)). As the Court has noted, "[t]he only difference between a Rule 12(c) motion and a Rule 12(b)(6) motion is timing." <u>Id.</u>

Fed. R. Civ. P. 12(b)(6) allows a defendant to move for dismissal on the grounds that a complaint does not "state a claim upon which relief can be granted." When reviewing the sufficiency of a complaint, a district court "must accept as true all of the factual allegations contained in the complaint." <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [DKT. NO. 18]**

In order to be sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 n.7 (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

In deciding on the motion, the Court need not confine its inquiry to the complaint; it may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Court may also consider documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The defendants attached the following documents to their motion for judgment on the pleadings: the policy, the summary plan

5

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [DKT. NO. 18]**

description, Figlioli's letter requesting documents, and Liberty Life's response (Dkt. Nos. 19-1; 19-2; 19-3; 19-4). Given that these documents are integral to the complaint, and Figlioli does not contest their authenticity, the Court will consider them.

### III. LEGAL FRAMEWORK

Under ERISA, the "administrator" of a benefit plan is:

(i) the person specifically designated by the terms of the instrument under which the plan is operated;

(ii) if an administrator is not so designated, the plan sponsor; or

(iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A). Administrators are statutorily required to, "upon written request of any participant or beneficiary, furnish a copy of the latest updated summary[] plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4).

The Secretary of Labor ("the Secretary") has general authority to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions" of the subchapter regarding protection of employee benefit rights. 29 U.S.C. § 1135. He is given further

authority to "prescribe the format and content of the summary plan description . . . and any other report, statements or documents . . . which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan." 29 U.S.C. § 1029(c).

Pursuant to this authority, the Secretary has promulgated regulations requiring "the claims procedure of a plan . . . [to] [p]rovide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 U.S.C. § 2560.503-1(h)(2)(iii). The Secretary defined "relevant" documents at 29 C.F.R. § 2560.503-1(m)(8).

ERISA provides for civil enforcement when an administrator "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request." 29 U.S.C. § 1132(a)(1)(A), (c)(1). The Court may impose a fine up to $110 per day "from the date of such failure or refusal." 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1.

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [DKT. NO. 18]

## IV. DISCUSSION

Neither defendant is a "plan administrator" subject to statutory penalties under § 1132(c). It is plain that the Plan itself cannot be the plan administrator, as the terms "plan" and "plan administrator" are entirely distinct. <u>See</u> <u>Bruce v. Hardford</u>, No. 1:14CV18, 2014 WL 3443823, at *9 (E.D.Va. July 10, 2014) (citing <u>Wilczynski v. Lumbermens Mut. Cas. Co.</u>, 93 F.3d 397, 406 (7th Cir. 1996); <u>Groves v. Modified Ret. Plan for Hourly Paid Emps. of Johns Manville Corp. & Subsidiaries</u>, 803 F.2d 109, 116 (3d Cir. 1986)) ("[T]he Plan itself is not a 'plan administrator.'").

Furthermore, as the parties concede, Liberty Life does not meet the statutory definition of a "plan administrator." The summary plan description unambiguously identifies Pension Administration Committee ("PAC") as the plan administrator, and delegates the related responsibilities to UTC Benefits Center (Dkt. No. 19-2 at 41). Pursuant to the plain language of 29 U.S.C. § 1002(16)(A), PAC is the plan administrator.

Figlioli relies on case law from outside the Fourth Circuit to argue that the defendants are "defacto" plan administrators within the meaning of ERISA. For instance, in <u>Law v. Ernst & Young</u>, the First Circuit reasoned that "[i]f, to all appearances, [the employer] acted as the plan administrator in respect to

8

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [DKT. NO. 18]**

dissemination of information concerning plan benefits, it may properly be treated as such for purposes of liability provided under § 1132(c)." 956 F.2d 364, 373 (1st Cir. 1992). The Eighth Circuit took a similar course in Rosen v. TRW, Inc., where it concluded that, "if a company is administrating the plan, then it can be held liable for ERISA violations, regardless of the provisions of the plan document." 979 F.2d 191, 193-94 (11th Cir. 1992); see also Ctr. for Restorative Breast Surgery, LLC v. Humana Health Benefit Plan, No. 10-4346, 2015 WL 4394034, at *19 (E.D. La. July 15, 2015).

The Fourth Circuit has not adopted this approach to the classification of plan administrators. In Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 62 (4th Cir. 1992), it observed:

> ERISA provides that if a plan administrator is not
> designated in the written plan documents, then the plan
> sponsor is the plan administrator. 29 U.S.C.
> § 1002(16)(A). The statute further indicates that the
> plan sponsor is "the employer in the case of an employee
> benefit plan established or maintained by a single
> employer." Id. § 1002(16)(B)(i). The written plan in this
> case did not designate a plan administrator, but it did
> indicate that Roofing Concepts was the plan sponsor.
> Thus, by virtue of § 1002(16)(A), Roofing Concepts was
> the plan administrator, and as such, it bore the primary
> duty of notification with regard to the plan
> participants. Id. § 1024(b); see also 29 C.F.R.
> § 2509.75-8, FR 12-Q (1991) (plan administrator is also
> a named fiduciary). While it is true that an insurer will
> usually have administrative responsibilities with respect
> to the review of claims under the policy, that does not

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [DKT. NO. 18]**

> give this court license to ignore the statute's
> definition of plan administrator and to impose on
> Nationwide the plan administrator's notification duties.

Although in <u>Coleman</u> the court did not have to decide how to treat

insurers under § 1132(c), it did cite with favor cases that had

squarely addressed the question. <u>See, e.g.</u>, <u>Moran v. Aetna Life</u>

<u>Ins. Co.</u>, 872 F.2d 296, 298-300 (9th Cir. 1989) (holding that an

insurer cannot be liable under § 1132(c) because it does not fit

the statutory definition of a "plan administrator"); and <u>Davis v.</u>

<u>Liberty Mut. Ins. Co.</u>, 871 F.2d 1134, 1138-39 & n.5 (D.C. Cir.

1989).

Other courts of appeals also have declined to impose liability

on insurers under § 1132. For instance, in <u>Ross v. Rail Car Am.</u>

<u>Grp. Disability Income Plan</u>, the Eighth Circuit reasoned:

> The Summary Plan Description unambiguously identifies
> Rail Car as the Plan Administrator. Canada Life admits
> that it had control over claims under the policy, but
> assuming that function did not transform it into the Plan
> Administrator. ERISA specifically makes the Plan
> Administrator responsible for providing the Plan
> documents Ross requested, and the Summary Plan
> Description directed that all requests for Plan documents
> be made in writing to the Plan Administrator.

285 F.3d 735, 743-44 (8th Cir. 2002) (internal citation omitted).

District courts in the Fourth Circuit have followed this

reasoning. <u>See, e.g.</u>, <u>Flores v. Life Ins. Co. of N.A.</u>, 770 F. Supp.

2d 768 (D. Md. 2011) (declining to follow the "de facto" plan

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [DKT. NO. 18]**

administrator approach in <u>Rosen</u> and <u>Law</u> given the Fourth Circuit's reasoning in <u>Coleman</u>); <u>Frye v. Metropolitan Life Ins. Co.</u>, No. 3:10-0107, 2010 WL 5343287, at *13 (S.D.W.Va. Dec. 20, 2010).

Following the reasoning in <u>Coleman</u>, the Court declines to adopt the "de facto" administrator approach and holds that neither the Plan nor Liberty Life is a plan administrator subject to suit under 29 U.S.C. § 1132(c).

## V. CONCLUSION

For the reasons discussed, the Court **GRANTS** the defendants' Motion for Partial Judgment on the Pleadings (Dkt. No. 18), **GRANTS** judgment in favor of the defendants with regard to Count Two of Figlioli's complaint, and **DISMISSES** Count Two with **PREJUDICE**.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and to enter a separate judgment order.

DATED: February 12, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE